**Arthur E. ORCUTT, Appellant
(Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff
below).**

No. 2960.

Supreme Court of Wyoming.

Dec. 5, 1961.

Allen H. Stewart, Casper, Arthur E. Orcutt pro se, for appellant.

Norman B. Gray, Atty. Gen., and W. M. Haight, Deputy Atty. Gen., for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

An amended information was filed in the District Court of Natrona County, Wyoming, by the county and prosecuting attorney thereof against Arthur E. Orcutt, charging that:

"* * * Arthur E. Orcutt late of the County aforesaid, on or about the 30th day of June A. D. 1959, in the County of Natrona, in the State of Wyoming, did then and there wilfully and unlawfully and feloniously steal, take and carry away the personal goods of another, to-wit: Alan Gates, property of the value of $25.00 and upwards, to-wit: one 1955 Chevrolet Sedan, Wyoming license No. 1–451E; at such time and place having theretofore been convicted of three previous felonies, to-wit: (1) the said Arthur E. Orcutt was convicted in the United States District Court for the district of Nebraska, Grand Island division, on March 30, 1937, for the offense of bank robbery and was sentenced to 15 years imprisonment in the United States Penitentiary at Leavenworth, Kansas, and (2) the said Arthur E. Orcutt was convicted in the District Court of Lancaster County, Nebraska, on December 23, 1946, for escape and was sentenced to two years imprisonment in the Nebraska State Penitentiary, and

(3) the said Arthur E. Orcutt was convicted in the Seventh Judicial District Court in and for Natrona County, Wyoming, on the 16th day of November, 1956, for making, drawing, uttering and delivering a check on a bank when he had no account or credit with the said bank for payment of said check in full, and was sentenced on November 21, 1956, to a term of not less than one year nor more than one year and one day at the Wyoming State Penitentiary, which is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Wyoming."

The court appointed Allen H. Stewart, a member of the bar of the State of Wyoming, to represent the defendant in the case.

On August 20, 1959, defendant entered a plea of (a) not guilty by reason of insanity and (b) not triable by reason of present insanity. Thereupon the court directed the defendant to be sent to the mental hospital in Evanston, Wyoming, for observation for a period of not less than thirty days nor more than sixty days. He was accordingly so sent and on September 25, 1959, a report was received from the superintendent of the hospital stating that upon examination the defendant was found to be sane. Thereafter the defendant was tried before a six-man jury on the question as to whether or not he was sane in accordance with § 25-9, W.S.1957. The jury returned a verdict finding that the defendant was sane. On October 23, 1959, upon motion of the defendant, he entered a plea of not guilty. On October 24 the defendant by his attorney moved for a change of venue from Natrona County, Wyoming. The motion was resisted by the county and prosecuting attorney and on November 2, 1959, the motion for a change of venue was denied by the court. The trial of the case before a jury commenced on November 23, 1959. After trial of the case and after instructions were given by the court to the jury, the latter returned a verdict as follows:

"We, the jury, duly and regularly impaneled and sworn to try the issues in the above entitled cause, do find the defendant, Arthur E. Orcutt guilty as charged of the crime of larceny of personal goods of another, to-wit: Alan Gates, of property of the value of $25.00 and upwards and find that at such time and place the defendant had been convicted of 3 previous felonies as the same are charged in the information."

The verdict was duly signed by the foreman of the jury. Larceny of property of the value of twenty-five dollars or more is a felony. Sections 6–2 and 6–132, W.S. 1957. On December 1, 1959, the defendant by his attorney moved the court for a judgment in his favor notwithstanding the verdict of the jury insofar as the previous felony conviction in the state court of Nebraska was concerned. That motion was granted by the court. On December 3, 1959, the defendant by his attorney filed a notice of appeal. On January 8, 1960, the court sentenced the defendant, in the presence of his counsel, to the state penitentiary for a term of not less than fifteen years nor more than eighteen years at hard labor, but staying the execution until the beginning of the next term of court. On March 1, 1960, the court directed that the defendant be conveyed to the state penitentiary where he is now confined. The transcript of the record, including the testimony taken in the case, is now before this court for review. Counsel for the defendant has filed a brief in this case and a brief by the defendant himself also is before us. On September 22, 1961, the defendant discharged his attorney, Allen H. Stewart. The latter thereupon moved this court that he be permitted to withdraw from the case as counsel for the defendant. That motion was granted. Subsequently on November 2, 1961, the defendant filed in this court an agreement as follows:

"The undersigned requests and consents that this case be taken under advisement by the Court and considered

upon the record on appeal and briefs without oral argument.

"Dated this 2 day of November, 1961.

"Arthur E. Orcutt [s] Arthur E. Orcutt"

We thereupon took the case under advisement on the briefs, the state also waiving oral argument.

■ 1. It is contended by the defendant that he was not rightly convicted of larceny of an automobile as charged in the information. It appears herein that he and E. W. Dick and Gerald M. Crossno were confined in the jail at Casper, Wyoming, where they had been for some time. The record does not disclose for what reasons they were confined in the jail. Crossno overpowered one Peters, the jailer, and opened the cells for Dick and the defendant. They left the jail and stole the automobile in question herein, which was standing in front of the Wyoming Automotive Shop with the car keys left in the lock. They drove northerly, Dick first driving the car to the so-called Powder River Bridge where they stopped, threw the jail keys in the river, and then drove northerly into the Big Horn Mountains, the defendant driving the car. When they got to the mountains, the car became stalled and they were unable to go any further. One Joe Donlin, who had a ranch at that place, becoming suspicious of the parties, notified the authorities who picked up the three men and confined them in jail at Worland, Wyoming. They were thereafter taken back to the jail in Casper. The defendant contends that he took no part in stealing the car and relies on the fact that E. W. Dick testified that he was the one who stole the automobile. Dick and Crossno were both witnesses for the defendant, having been summoned from the state penitentiary. They attempted to show that Orcutt did not in fact know that the car was stolen. Crossno testified that he and Orcutt did not know that the car was stolen until they arrived at the Big Horn Mountains. Both Dick and Crossno had been convicted of a felony, probably on account of stealing the car here in question, and the jury were justified in disbelieving this testimony in whole or in part. The three of them broke out of the jail in Casper and to make their escape good necessarily had to have a rapid conveyance out of Casper and had to get that conveyance as soon as possible. None of these three parties had a car in Casper available for travel. The automobile in question was picked up about twenty minutes after the jailbreak. They were walking the streets of Casper. They separated for a short time at one place. Dick stated that he picked up the car about five to ten minutes after the separation and picked up Orcutt and Crossno within a matter of seconds thereafter—after driving a half block. Crossno testified that he and Dick were both looking for a car but stated that he did not know about Orcutt. But he also testified that Orcutt was walking in front of him only a short distance away. Orcutt had possession of the property shortly after it was stolen. He controlled it when he drove it from the Powder River Bridge to the mountains. The defendant admitted to Edward E. Fancett, deputy sheriff at Casper, and E. J. O'Meara, undersheriff at Casper, that "they", meaning Orcutt, Dick and Crossno, stole the car. If it cannot be said to have been in defendant's exclusive possession, he acted in concert with his companions in driving it. The possession by him and his companions was recent. The question of recent possession of stolen property is discussed at some length in 52 C.J.S. Larceny § 105 through § 109. In n. 37, p. 924, it is said that "Possession of recently stolen property is evidence tending to show the possessor to be the thief." We discussed the subject in State v. Costin, 46 Wyo. 463, 28 P.2d 782, 783, in which we cited other Wyoming cases, and in which we stated, "That recent possession of stolen property is a material factor in determining the guilt or innocence of the defendant in a larceny case is agreed on by all the courts." In 52 C.J.S. Larceny § 109, pp. 932–933, it is stated, "Since possession is a strong cir-

cumstance tending to show guilt, only slight corroborative evidence of other inculpatory circumstances is required." We think that the facts and circumstances herein justified the jury in convicting the defendant as a party to the stealing of the automobile.

2. It is further contended that the state did not prove that the defendant was an habitual criminal and was convicted of two previous felonies so as to warrant a sentence of imprisonment in the penitentiary for fifteen to eighteen years in accordance with the provisions of § 6–9, W.S. 1957. He was convicted in 1956 in the District Court of Natrona County, Wyoming, of issuing a fraudulent check for $188.48, which is a felony according to § 6–39, W.S.1957. That conviction is not questioned. But it is strenuously contended that it is not shown that he was convicted of armed robbery in the District Court of the United States in Nebraska. Counsel for defendant has a lengthy brief on the subject and has cited a number of cases. We do not think that these cases are in point.

The witness O'Meara testified as follows as to what the defendant told him:

"He said he had been arrested for armed robbery of a bank, and that his uncle owned the bank, and that he only took $350.00, and for which he got fifteen years in the federal penitentiary."

The state introduced Exhibit 7. It appears in that exhibit that Richard·C. Peck, Clerk of the United States District Court, under the seal of the court, certified as follows:

"I, Richard C. Peck, Clerk of the United States District Court for the District of Nebraska, do hereby certify the following to be a true and correct copy of an entry made on March 30, 1937 in the Criminal Docket of the United States District Court for the District of Nebraska, Grand Island Division, at page 319 in Criminal Case No. 318, entitled United States of America vs. Arthur E. Collins, alias William Larson, as the same appears of record in my office:

"'Mar. 30, 1937—Entered: Defendant Collins in court, arraigned and pleads guilty. Sentenced to fifteen years in U. S. penitentiary.'

"Witness my hand and seal of said Court at Omaha, in said District, this 27th day of October, 1959."

He further certified under the seal of his office that the appended copy of the commitment in the federal penitentiary under a plea of guilty for a crime under § 588(a), (b), 12 U.S.C.[1], is a true and correct copy thereof. Furthermore, the state introduced Exhibit 6 in which J. C. Taylor certified and stated under oath that he was the warden of the United States Penitentiary at Leavenworth, Kansas, and that the attached records, consisting of a copy of the judgment and commitment, are true and correct copies of the records of the United States Penitentiary, Leavenworth, Kansas. The seal of his office is affixed. The commitment sets out the defendant's plea of guilty under the statute above mentioned; that he was sentenced to fifteen years in the penitentiary at Leavenworth, Kansas; and concludes:

"Witness the Honorable Thos. C. Munger Judge of said Court, and the seal thereof, affixed at Grand Island Division, in said district, this 30th day of March, 1937

"R. C. Hoyt
"Clerk.
"[s] Geo. Cowton
"Deputy Clerk."

Photographs of defendant are attached.

The state contends that the conviction is sufficiently shown by the certificate of the warden of the penitentiary in view of Rule 44, Wyoming Rules of Civil Procedure, which provides that the judgment of conviction is sufficiently shown by a certificate made "by any public officer having a seal of office and having official duties in

---

1. Now 18 U.S.C.A. § 2113.

the district or political subdivision in which the record is kept, authenticated by the seal of his office."

We think that in view of the certificates of the conviction in the federal court here mentioned, and the admission of the defendant above set out, we must hold that the judgment of conviction in that court has been sufficiently shown.

3. The commitment above mentioned states the crime was committed by Arthur E. Collins, alias William Larson, and it is contended that it has not been properly shown that Arthur E. Collins is the same person as Arthur E. Orcutt. There is no merit in that contention, particularly in view of the fact that the defendant himself admitted that he was the party who was sent to the penitentiary at Leavenworth for the period of fifteen years. Further than that, there is in the record a letter signed by the defendant as follows:

"Arthur E. Collins,
"Arthur E. Orcutt"

The handwriting of these two signatures is the same, and the witness O'Meara testified that the defendant went under the alias of Collins.

4. A number of other errors are asserted in the defendant's personal brief. He complains that he did not have a preliminary hearing. The information against him was filed within thirty days of the regular term of court in Natrona County. In view of that, no preliminary hearing was necessary under our statute, § 7–124, W.S. 1957. He complains that the court refused to give an instruction that was asked for. While the court refused to give that particular instruction, it gave one that was substantially the same. Defendant asserts that he has been prosecuted maliciously. There is no merit in that contention. Other matters are mentioned. We have examined them. They are either not true or are such as did not prejudice his rights.

We have examined the record before us with considerable care, including the evidence taken in the case, the instructions given by the court, and the proceedings in the case generally. Judging from the record, defendant was ably represented by Mr. Stewart, his counsel, both in the trial court and in this court. We do not find that any error prejudicial to the defendant has been committed at any stage of the proceedings. In fact, after examining the certificates in connection with the conviction of a felony in the state court in Nebraska, it would seem that the trial court in eliminating that conviction from the case leaned somewhat backward in favor of the defendant, thus allowing him to escape imprisonment in the penitentiary for life under the provisions of § 6–10, W.S.1957. We find that the defendant has had a fair trial and that he was justly convicted and sentenced by the trial court. The judgment and sentence herein are accordingly affirmed.

Affirmed.