Arthur E. ORCUTT, Appellant,

v.

STATE OF WYOMING, Appellee.

No. 7047.

United States Court of Appeals
Tenth Circuit.

Aug. 30, 1962.

Arthur E. Orcutt, appellant, pro se.

W. M. Haight, Deputy Atty. Gen., Cheyenne, Wyo. (Norman B. Gray, Atty. Gen., Cheyenne, Wyo., with him on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PICKETT, Circuit Judge.

Arthur E. Orcutt was tried in the District Court of Natrona County, Wyoming, and convicted on a charge of grand larceny arising out of the theft of an automobile. He was sentenced under a Wyoming habitual criminal statute, Wyo. Stat. 1957, § 6–9, to serve a term of 15 years. The judgment and sentence was affirmed by the Wyoming Supreme Court. Orcutt v. State, Wyo., 366 P.2d 690. Orcutt brought this action against the State of Wyoming alleging that the judgment and sentence are invalid because of the violation of his constitutional rights. The trial court apparently treated the proceeding as a conventional petition for habeas corpus by which Orcutt sought his release from the custody of the warden of the Wyoming State Penitentiary. This is an appeal from an order sustaining a motion to dismiss the "petition."

■ While Orcutt was confined in jail at Casper, Wyoming, one of the other prisoners overpowered the jailer, and he, Orcutt and a third prisoner escaped. An automobile was stolen in which Orcutt and his companions drove into another county. There they were apprehended and returned to Casper by state officials acting without a warrant. Orcutt was not arraigned on the charge of stealing the automobile until some time later. The principal contention made here is that since the arrest and detention were illegal the conviction was a nullity. We find no decisions which sustain a collateral attack in federal courts upon a state court judgment and sentence because of the arrest of the accused without a warrant or the failure of state officials to promptly arraign him before a proper magistrate. Cases such as McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479, have to do only with the admissibility of a confession obtained after an arrest by federal officers for a federal offense but before the accused was taken before a commissioner or other committing official, which federal statutes or rules require the arresting officers to do without unnecessary delay. Other contentions have been considered and found to be without sufficient merit to warrant a discussion.

■ The Supreme Court of Wyoming, in reviewing Orcutt's conviction, stated:

"We have examined the record before us with considerable care, including the evidence taken in the case, the instructions given by the court, and the proceedings in the case generally. Judging from the record, defendant was ably represented by Mr. Stewart, his counsel, both in the trial court and in this court. We do not find that any error prejudicial to the defendant has been committed at any stage of the proceedings." Orcutt v. State, Wyo., 366 P.2d 690, 694.

In Odell v. Hudspeth, 10 Cir., 189 F.2d 300, 301, cert. denied 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656, we said:

"Federal courts will entertain applications for writs of habeas corpus and discharge persons detained under a state court judgment and sentence only when that custody is in violation of the constitution or laws

or treatises of the United States, and then only when all remedies afforded by appeal have been exhausted."

It is well settled that "a criminal prosecution in the courts of a State, based upon a law not in itself repugnant to the Federal Constitution, and conducted according to the settled course of judicial proceedings as established by the law of the State, so long as it includes notice, and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is 'due process' in the constitutional sense." Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 586, 59 L.Ed. 969. See also Alexander v. Daugherty, 10 Cir., 286 F.2d 645, cert. denied 366 U.S. 939, 81 S.Ct. 1666, 6 L.Ed.2d 849; Odell v. Hudspeth, supra. It is apparent that the proceedings in Orcutt's state prosecution met all of these criteria of due process.

Affirmed.

See also 298 F.2d 72.

O. John Rogge, New York City, for defendant-appellant.

Jonathan L. Rosner, Asst. U. S. Atty., S.D.N.Y., New York City, for appellee.

Before KAUFMAN, Circuit Judge.