**Jeffrey Allan KING, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 85–223.

Supreme Court of Wyoming.

May 14, 1986.

Leonard D. Munker, State Public Defender, Martin J. McClain, Deputy State Public Defender, and Julie D. Naylor, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Gerald P. Luckhaupt, Asst. Atty. Gen., Cheyenne, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT, and MACY, JJ.

BROWN, Justice.

Appellant was convicted of two counts of burglary by a Fremont County jury. In his appeal, he specifies three issues; however, we will address only one issue, which is dispositive of the case:

Whether the evidence presented to the jury was sufficient to sustain the conviction.

We will reverse.

By information appellant was charged in the district court with six burglaries, as follows:

"1) A burglary of Art Taylor's trailer-house located 2¼ miles south of Midvale Store on 8 Mile Road on or about March 25, 1984;

"2) A burglary of a trailerhouse belonging to McGarvin-Moberly Construction Company located in the Gravel Pit at Mile Post 127 on Highway 26 west of Riverton on or about April 18, 1984;

"3) A burglary of a shop building belonging to Don Dechert located at No. 91 South Muddy Road on or about April 23, 1984;

"4) A burglary of the Riverton Speedway Buildings located at the Riverton Speedway west of Riverton on or about May 2, 1984;

"5) A burglary of a 1981 International Trans-star II which is a vehicle bearing Wyoming apportioned plate number 407 belonging to Dresser Atlas, Inc., on or about June 13, 1984;

"6) A burglary of a vehicle described as a Well-Tech (Doghouse Bus) located on a workover rig site on Sand Draw Road next to Arco Plant south of Riverton on or about June 17, 1984."

Footprints were discovered at one of the burglary sites and a witness testified that he traced them to appellant. Tire tracks believed by investigators to have been made by appellant's vehicle were found also at several of the burglary sites. A search warrant was obtained, and many items stolen in the burglaries were recovered from appellant's home. Appellant's residence was in the same general area as

the burglaries, and characteristics of the several burglaries were similar.

At the close of the state's case appellant moved for judgment of acquittal. The trial court denied the motion and submitted the matter to the jury for its determination. The jury found appellant guilty of two counts and acquitted him on the other four.

Appellant argues here, as he did in support of his motion for judgment of acquittal, that the only evidence produced at trial was that six burglaries had occurred and that some property taken in the burglaries was found at his residence. Appellant contends that this was insufficient to convict him of burglary. We agree.

In *Newell v. State*, Wyo., 548 P.2d 8, 13 (1976), a burglary case, we said:

"* * * The most significant and material evidence of defendant's guilt is his possession of the stolen property. Possession is a strong circumstance tending to show guilt and only slight corroborative evidence of other inculpatory circumstances is required. *Orcutt v. State*, Wyo.1961, 366 P.2d 690, 692–3. While it may be otherwise elsewhere, in this jurisdiction, possession alone is insufficient in itself to convict. *Orcutt*, supra; *State v. Costin*, 1934, 46 Wyo. 463, 469, 28 P.2d 782, 783."

See also, *Downs v. State*, Wyo., 581 P.2d 610 (1978).

As in *Newell* and *Downs*, we must examine the record to see if there is slight corroborative evidence of inculpatory circumstances other than possession of stolen goods, connecting appellant with the burglaries. According to our standard of review in a sufficiency-of-the-evidence attack, we must view the evidence in the light most favorable to appellee. *Cutbirth v. State*, Wyo., 663 P.2d 888 (1983).

The state cites *Downs v. State*, supra, in support of its argument that there was evidence other than possession of stolen property to support a conviction. In *Downs*, this court said:

"* * * Evidence of opportunity to commit the crime is a link which considered with other incriminating facts may establish the guilt of the defendant. * * *" Id., at 616.

This case is not helpful to the state. In *Downs* the defendant "* * * was in the *immediate* vicinity of the building [burglarized] for a day or two before commission of the crime. * * *" In the case before us no one saw appellant near any of the burglary sites. Testimony was only that his residence was in the general area of the burglaries. In *Downs* the evidence demonstrated opportunity with specific reference to *Downs*, while in this case the evidence indicated only a general opportunity that would be available to everyone who lived within the proximity of the six burglaries. This tenuous evidence is insufficient corroboration.

William Lassiter, an investigator for the Fremont County Sheriff's Office, testified that there were footprints of waffle-stomper tennis shoes "at a rig site in the north portal where the Dresser Atlas is." This was one of the burglary sites. He further stated that he traced these footprints to appellant. Photographs of these footprints, together with shoes worn by appellant at the time of his arrest, were sent to the state crime laboratory for comparison. Mr. Lassiter further testified that there were no footprints at the other burglary sites that he attributed to appellant. Tire prints were taken at several burglary sites. These prints were also sent to the crime laboratory for comparison.

At trial no evidence was produced showing the result of the laboratory tests. We do not know, nor did the jury, whether the footprints or tire marks in any way connected appellant with any of the burglaries. Arguably, if appellant had been convicted of the burglary at the site where his footprints had been traced we could affirm that conviction; however, he was acquitted of that count. No footprints attributable to appellant were found at any of the other burglary sites.

The state in a cursory manner has suggested that the six burglaries were similar and that this is corroborative evidence.

We are not persuaded that this feeble circumstance is significant in this case.

In summary, there was no evidence that connected appellant with footprints and tire marks found at the burglaries for which he was convicted. Also, the fact that appellant's residence was in the general area of the crime is not an inculpatory circumstance, nor is the similarity of the burglaries for our purposes significant.

We believe the trial court correctly appraised this case. In ruling on appellant's Motion for Judgment of Acquittal, it said:

" * * * If I was the jury I would at this time find the defendant not guilty because two of the elements are just totally missing in my mind. * * *

     *     *     *     *     *     *

" * * * The jury may not feel the same way I feel, you know. You never know. If it was a trial to the Court the trial would be over. But it's a trial to a jury. I'm going to leave it up to them. * * * "

A judgment of acquittal would have been appropriate rather than submitting the case to the jury, or judgment of acquittal notwithstanding the verdict.

The case is reversed, and charges against appellant dismissed.