2002 WY 149

**Karen McGARVEY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 01–133.

Supreme Court of Wyoming.

Oct. 4, 2002.

1. Whether the evidence presented to the jury was sufficient to sustain a conviction for forgery, when the best evidence offered by the State was the testimony of its expert witness who could only testify that it was probable that Ms. McGarvey wrote the checks?

2. Whether the evidence presented to the jury was sufficient to sustain a conviction for burglary, when the State failed to prove more than that Ms. McGarvey was in possession of recently stolen property?

Kenneth Koski, Public Defender; Donna D. Domonkos, Appellate Counsel; Diane Courselle, Director, Defender Aid Program; and Jason Smiley, Student Intern., Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Michael J. Finn, Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶1]   This is an appeal from an Amended Judgment and Sentence issued by the district court on April 20, 2001.  A jury convicted the appellant, Karen McGarvey (McGarvey), of one count of burglary in violation of Wyo. Stat. Ann. § 6–3–301(a) (LexisNexis 2001) and two counts of forgery in violation of Wyo. Stat. Ann. § 6–3–602(a)(ii) (LexisNexis 2001)—one felony count relating to the passing of checks and one relating to credit card use.  The district court imposed concurrent prison sentences of five to ten years for each conviction.  McGarvey appeals only the burglary and check forgery convictions.  We affirm.

## ISSUES

[¶2]   The issues presented by McGarvey are:

## FACTS

[¶3]   On November 6, 2000, between the hours of 4:00 p.m. and 6:49 p.m., a car burglary occurred at the Sands Cafe Restaurant in Rock Springs.  Leah Bucknell (Bucknell), the owner of the vehicle, reported that her black purse had been stolen, and that it contained a Gold MasterCard, a checkbook, her driver's license, and a spare key to the car.

[¶4]   On November 7, 2000, Bucknell and her husband reported to police that their credit card had been used at several area businesses, including the Days Inn.  Officers went to the Days Inn and discovered that an individual purporting to be Bucknell had rented room 363 for two days.  The officers went to the room and made contact with that person, who turned out to be McGarvey.  Officers also discovered McGarvey's vehicle at the Days Inn, and they learned that there was an active warrant for her arrest.  During a search incident to McGarvey's arrest on the outstanding warrant, Bucknell's checkbook was found in McGarvey's coat pocket.  The police also found Bucknell's Gold MasterCard, driver's license, and the spare car key in McGarvey's possession.  An officer observed a black purse on the floor of McGarvey's car, and Bucknell subsequently identified the purse and the other items as hers.  Bucknell also noted that four checks were missing from the checkbook. The desk clerk at the Days Inn identified McGarvey from a photo lineup as the person who signed the name Leah Bucknell to the guest register and to the credit card receipt for rental of

* *Chief Justice at time of oral argument.*

the room. Bucknell's first name had been misspelled on the receipt as "Legh" rather than "Leah."

## STANDARD OF REVIEW

[¶ 5] The standard of review has been stated as:

When addressing a claim that the evidence is not sufficient to sustain the conviction for a crime . . . [w]e assess whether all of the evidence . . . presented was adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a fact-finder when that evidence is viewed in a light most favorable to the State. We will not substitute our judgment for that of the jury when we apply [this] rule, and our only duty is to determine whether a quorum of reasonable and rational jurors would, or even could, have come to the same result as the jury actually did in the case under review.

*Mueller v. State*, 2001 WY 134, ¶ 22, 36 P.3d 1151, 1159 (Wyo.2001).

## DISCUSSION

### CHECK FORGERY

[¶ 6] McGarvey contends that this Court should reverse her conviction for check forgery because the State's best evidence was insufficient to support a guilty verdict. She argues that the State's primary evidence was its handwriting expert, who testified that there were only "indications" that McGarvey had written the checks.[1]

[¶ 7] With regard to forgery, Wyo. Stat. Ann. § 6–3–602(a)(ii) provides, in pertinent part:

A person is guilty of forgery if, with intent to defraud, he:

\* \* \*

(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act[.]

[¶ 8] The evidence presented at trial revealed a chain of events beginning with McGarvey checking into a room at the Springs Motel in Rock Springs in the late afternoon or early evening of November 6, 2000. By 6:49 p.m., the rear passenger side window of Bucknell's vehicle had been broken out, her purse had been stolen from it, and someone had used her credit card and checkbook. Four checks were written from the checkbook, numbers 245, 246, 247 and 249, and someone used or attempted to use the credit card three times on the evening of November 6th.

[¶ 9] An individual identified as McGarvey arrived at the Days Inn around 10:30 p.m., and used Bucknell's credit card to rent room 363. McGarvey signed the register as "Legh Bucknell," a misspelling of Leah Bucknell's name. Bucknell's check number 245 was passed at Smith's grocery at 6:49 p.m. and was also signed "Legh Bucknell."

[¶ 10] The following morning at approximately 10:30 a.m., McGarvey was found in room 363 at the Days Inn, arriving sometime between 9:00 a.m. and 10:30 a.m. When McGarvey arrived at room 363, she had Bucknell's driver's license, credit card, checkbook, and spare car key that had been in Bucknell's purse. The stolen purse was in the vehicle registered to McGarvey, which was parked in front of room 363. McGarvey also had in her possession a Smith's grocery store cash register receipt that contained information concerning goods purchased with check number 245 from Bucknell's checkbook.

[¶ 11] Based on the foregoing, the jury concluded that McGarvey unlawfully had passed a check from Bucknell's checkbook. McGarvey possessed the stolen checkbook

---

1. The handwriting expert testified to six levels of confidence that can be given when asserting an opinion as to whether a person wrote or signed a particular document. The third level is "indications," meaning that the writings or signatures are similar in structure. The fourth level is "probable," meaning that it is more than likely that a particular person wrote or signed a partic-ular document; the fifth level is "highly probable," meaning that a particular person is the author of a particular document or signature, but there exists a remote possibility that someone else could have written or signed the document; and the sixth level is "conclusive," meaning no other person could have written or signed a particular document.

that contained the forged checks, and she also had the cash register receipt corresponding to the items purchased at Smith's grocery store the previous evening. In addition, it is undisputed that McGarvey used Bucknell's credit card to rent the room at the Days Inn, and used the same misspelling of Bucknell's first name as that found on check number 245. This evidence indicated that McGarvey not only had the opportunity to pass herself off as Bucknell, but also showed her disposition to do so. The evidence of opportunity to commit the act is a link which, considered in connection with other incriminating facts, can prove that McGarvey committed the alleged crime. *See Jones v. State,* 568 P.2d 837, 845 (Wyo.1977).

[¶ 12] While the State's handwriting expert could not conclusively determine that McGarvey had signed the forged checks, he could not exclude her either. The signature on all the forged checks showed "indications" that McGarvey had signed them. This, in itself, would not suffice to convict McGarvey, but is probative and corroborative evidence that McGarvey executed the checks. We conclude that the evidence, when viewed in a light most favorable to the State, was sufficient for reasonable individuals to conclude that McGarvey was the person who fraudulently wrote or used the preprinted checks belonging to Bucknell.

### BURGLARY

[¶ 13] McGarvey next contends that her burglary conviction should be reversed because the State failed to present sufficient corroborative evidence beyond McGarvey's possession of recently stolen property. McGarvey was convicted of burglary under Wyo. Stat. Ann. § 6–3–301(a), which provides: "A person is guilty of burglary if, without authority, he enters or remains in a . . . vehicle . . . with intent to commit larceny or a felony therein."

[¶ 14] When sufficiency of the evidence is challenged in burglary convictions, this Court examines the record, in a light most favorable to the State, to see if there is slight corroborative evidence, other than possession of stolen goods, which connects the appellant with the burglary. *King v. State,*

718 P.2d 452, 453 (Wyo.1986). We have stated that the possession of stolen goods alone is not sufficient evidence to convict for burglary. *Id.* (*quoting Newell v. State,* 548 P.2d 8, 13 (Wyo.1976)). However, we have also concluded with regard to burglary that, " '[t]he most significant and material evidence of defendant's guilt is his possession of the stolen property. Possession is a strong circumstance tending to show guilt and only slight corroborative evidence of other inculpatory circumstances is required' " to convict. *Sutherland v. State,* 944 P.2d 1157, 1161 (Wyo.1997) (*quoting Newell,* 548 P.2d at 13).

[¶ 15] McGarvey was found to be in possession of the stolen items approximately sixteen hours after the burglary occurred, and she had used the stolen checkbook. We stated in *Downs v. State,* 581 P.2d 610, 616 (Wyo.1978), that "[t]he defendant's dealing with the property as his own, by sale, is a corroborating circumstance" of burglary. While McGarvey did not sell the goods, her situation is similar to that of Downs' because she clearly dealt with the property as her own when she bought goods with the stolen checks.

[¶ 16] The trial evidence also showed that McGarvey was in proximity to the burglarized vehicle at about the same time the burglary occurred. The burglary occurred on November 6, 2000, between 4:00 p.m. and 6:49 p.m. McGarvey checked into a motel room one block away from where the burglary occurred in the late afternoon or early evening on November 6th. This put her in close proximity to the burglary both in time and space. A defendant's presence in the neighborhood of a burglary is an important circumstance that is not to be treated merely as coincidence. Placing a defendant in the area of the scene of the crime, along with possession, is sufficient to sustain a conviction. *Downs,* 581 P.2d at 616. Because McGarvey was in proximity of the burglary, she had the opportunity to commit the crime. "Evidence of opportunity to commit the crime is a link which considered with other incriminating facts may establish the guilt of the defendant." *Id.*

[¶ 17] Further corroborating evidence was presented at trial that showed McGarvey not only had the opportunity, but also the means to commit the burglary. McGarvey's vehicle contained tools, including two hammers capable of breaking the rear window of Bucknell's vehicle. This evidence supported a reasonable inference that McGarvey committed the burglary. In addition, we have previously stated that if stolen property is soon thereafter found in possession of one charged with a burglary, proof of an unlawful entry, in conjunction with circumstances showing guilty conduct of the defendant, is evidence not only of the larceny, but also that the person made use of the unlawful entry to obtain the property. *Downs*, 581 P.2d at 617. This is a classic example of an inference of guilt arising from circumstantial evidence. Bucknell reported that her purse had been stolen from her car. A rear window in the car had been smashed. The smashed window, coupled with McGarvey's possession of the stolen purse, was evidence not only that McGarvey stole the purse, but that she did so by breaking into the car.

## CONCLUSION

[¶ 18] The State offered sufficient direct and circumstantial evidence at trial to support McGarvey's conviction for check forgery. She was in sole possession of the stolen checkbook, she was found with the Smith's grocery store cash register receipt where one of the forged checks was passed, and she incorrectly spelled Bucknell's first name when she rented the room at the Days Inn, which was the same misspelling on the check passed at Smith's. The burglary conviction was also supported by sufficient evidence. McGarvey possessed and used the stolen items in the hours after the burglary occurred, and there was evidence that she had the opportunity and means to commit the burglary. The Amended Judgment and Sentence of the district court is affirmed.