# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 149

**OCTOBER TERM, A.D. 2015**

**November 24, 2015**

CARLOS YAMMON PENA,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

CARLOS YAMMON PENA,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-15-0054, S-15-0055

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*
  Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel.  Argument by Mr. Westling.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; and Joshua C. Eames, Assistant Attorney General. Argument by Ms. Craig.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]     After a jury convicted Carlos Peña of larceny, the district court revoked his probation from a previous case.  In this consolidated appeal**,** Mr. Peña argues that his probation from the previous case should not have been revoked while the instant case was still pending appeal.  Regarding the instant larceny case, Mr. Peña argues that during trial, the district court should not have allowed a jury instruction that improperly shifted the burden of proof to Mr. Peña and asserts that there was insufficient evidence to convict him in that there was no evidence that he moved or carried away the stolen items.

[¶2]     We will affirm both the probation revocation and the judgment and sentence on the larceny conviction.

## ISSUES

[¶3]     S-15-0054 issue:

> Was a probation revocation based solely on a conviction on a criminal case under appeal appropriate?

S-15-0055 issues:

> 1. The Court abused its discretion by allowing instruction No. 11, which improperly shifts the burden of proof to the defendant and obviates the need to prove a crucial element of the crime charged.

> 2. There was insufficient evidence to convict Mr. Peña of larceny in that there was no evidence that he actually moved or carried away the stolen goods.

## FACTS

[¶4]     In December of 2011, Carlos Y. Peña was sentenced to two and a half to three years in prison for larceny. Mr. Peña completed the Youthful Offender Treatment Program and in July of 2012, the district court suspended the remainder of his sentence and imposed three years of supervised probation.

[¶5]     Fast forward to April 3, 2013, when Sheridan business owner Steven Bush discovered that his flatbed trailer and mini-excavator were missing.  In early May, Bush and his brother-in-law discovered a Craigslist ad for a mini excavator.  The men called the number in the ad and met the seller, Carlos Peña.  Mr. Peña took the men to look at the excavator and immediately upon their arrival, Bush noticed his stolen flatbed trailer

1

and excavator. The excavator that Mr. Peña listed for sale on Craigslist was Bush's excavator. Bush immediately contacted the Sheridan County Sheriff's Office.

[¶6] After the tip from Bush, deputies from the sheriff's office paid Mr. Peña a visit. He told the deputies that the excavator belonged to his mother and father-in-law and that he had authority to sell it. The license plate and VIN number from the excavator showed that it was stolen and belonged to Bush's company, Westin Mechanical. After further investigation, the State charged Mr. Peña with one count of larceny. The case went to trial and the jury convicted Mr. Peña.

[¶7] On September 26, 2014, the State moved to revoke Mr. Peña's probation from his 2011 case based on his new conviction. The district court found that he violated his probation. His probation was then revoked and the remainder of his sentence was re-imposed. Mr. Peña was granted 304 days for time served.

[¶8] Both cases were properly appealed to this Court.

## DISCUSSION

### *Jury Instruction No. 11/Burden Shifting*

[¶9] Mr. Peña first contends that the district court abused its discretion when it provided the jury with an instruction that stated the possession of recently stolen property, when supported by slight corroborative evidence, may support the inference that the possessor participated in the theft. Mr. Peña claims that this type of instruction is only appropriate in possession of stolen property cases, not cases alleging theft. We disagree.

[¶10] With regard to this Court's review of jury instructions, we have stated:

> When we review claims of error involving jury instructions, the district court is afforded significant deference. *Luedtke v. State*, 2005 WY 98, ¶ 28, 117 P.3d 1227, 1232 (Wyo. 2005). A district court is "given wide latitude in instructing the jury and, as long as the instructions correctly state the law and the entire charge covers the relevant issue, reversible error will not be found." *Id.* (citations omitted); *see also Hawes v. State*, 2014 WY 127, ¶ 15, 335 P.3d 1073, 1078 (Wyo. 2014). Its ruling on an instruction must be prejudicial to constitute reversible error. *Heywood v. State*, 2007 WY 149, 26, 170 P.3d 1227, 1234 (Wyo. 2007) (citation omitted), abrogated on other grounds by *Granzer v.*

2

> *State*, 2008 WY 118, 193 P.3d 266 (Wyo. 2008). Because the purpose of jury instructions is to provide guidance on the applicable law, prejudice will result when the instructions confuse or mislead the jury. *Id.*
>
> *Brown v. State*, 2015 WY 4, ¶ 40, 340 P.3d 1020, 1031 (Wyo. 2015).

*Stocki v. Nunn,* 2015 WY 75, ¶ 21, 351 P.3d 911, 917-918 (Wyo. 2015).

[¶11] The offered, and accepted, instruction in this case read as follows (emphasis added):

> ***Possession of recently stolen property is not of itself*** sufficient to permit a finding that the Defendant is guilty of the crime here charged. However, possession of recently stolen property, if not satisfactorily explained is ordinarily a circumstance from which the jury may reasonably draw the inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen, and is also a circumstance from which the jury may reasonably draw the inference that the person in possession not only knew it was stolen property, but also participated in some way in the theft of the property.
>
> However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of stolen property.
>
> Although possession is a strong circumstance tending to show guilt, there must be corroborative evidence tending to prove the Defendant's guilt of each charge. However, this corroborative evidence need only be slight and may include: whether the Defendant had the opportunity to commit the crime charged, his conduct, his false or contradictory statements, if any, or other statements he may have made with respect to the property and any other evidence which tends to connect him with the crime.
>
> If you find beyond a reasonable doubt from the

3

evidence that the property was stolen and that, while recently stolen, the property was in the possession of the Defendant, you may, from those facts, draw the inference that the property was possessed by the Defendant with knowledge that it was stolen, but also that the Defendant participated in some way in the theft, unless such possession by the Defendant is explained to the satisfaction of the jury by other facts and circumstances in evidence of the case.

In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.

Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused.

[¶12] It is this Court's long-standing precedent that "possession [of recently stolen property] in conjunction with other incriminating circumstances such as misstatement and concealment will support … a conviction." *Mendicoa v. State,* 771 P.2d 1240, 1244 (Wyo. 1989). Also, we said in *McGarvey v. State,* 2002 WY 149, ¶ 14, 55 P.3d 703, 706 (Wyo. 2002):

[T]he possession of stolen goods ***alone*** is not sufficient evidence to convict for burglary. [*King v. State,* 718 P.2d 452, 453 (Wyo. 1986)] (*quoting Newell v. State,* 548 P.2d 8, 13 (Wyo. 1976)). However, we have also concluded with regard to burglary that, "'the most significant and material evidence of defendant's guilt is his possession of the stolen property. Possession is a strong circumstance tending to show guilt and only slight corroborative evidence of other inculpatory circumstances is required'" to convict. *Sutherland v. State,* 944 P.2d 1157, 1161 (Wyo. 1997) (*quoting Newell,* 548 P.2d at 13).

*McGarvey,* ¶ 14, 55 P.3d 703 at 706 (emphasis added).

[¶13] We reiterated this concept in *Budder v. State,* 2010 WY 123, 238 P.3d 575 (Wyo. 2010), where the instruction given there was identical to the instruction given here. This Court held that the instruction was proper in burglary cases. *Id.,* ¶ 9, 238 P.3d 578 (citing *Van Vorst v. State,* 1 p.3d 1223, 1230-31 (Wyo. 2000) (approving of identical instruction in possession of stolen property case)). While Mr. Peña would like this Court to make a

4

distinction that the instruction at issue is appropriate in burglary cases but not larceny cases, we decline to do so. Our declination is based upon years of precedent that can be summarized as follows: A defendant's possession of recently stolen property is "strong" evidence that he or she stole it. This is true in both burglary and larceny cases.

[¶14] Not only was Mr. Peña in possession of the stolen property, a truck with the same unique tire tracks that were found at the scene was found near the stolen property. Also, Mr. Peña posted a Craigslist ad about the stolen property and he gave contradictory stories about where the property was obtained. Taking all of this into consideration, the jury instruction was supported by the evidence.

*Insufficient Evidence*

[¶15] Mr. Peña argues next on appeal that the State did not meet its burden in establishing the "taking and carrying away" element of larceny. We disagree.

[¶16] When reviewing an appellant's claims regarding sufficiency of the evidence, this Court examines the evidence in the light most favorable to the State. *Faubion v. State*, 2010 WY 79, ¶ 12, 233 P.3d 926, 929 (Wyo. 2010). We accept all evidence favorable to the State as true and give the State's evidence every favorable inference which can reasonably and fairly be drawn from it. We also disregard any evidence favorable to the appellant that conflicts with the State's evidence. *Id.*

[¶17] At the time of Mr. Peña's conviction, the Wyoming larceny statute read as follows:

> (a) A person who steals, takes and carries, leads or drives
> away property of another with intent to deprive the owner or
> lawful possessor is guilty of larceny.

Wyo. Stat. Ann. § 6-3-402(a) (LexisNexis 2011). Recently, "[t]he law of theft and larceny has been recodified and its language has been simplified, but proof of the specific crime charged must still be made and tested against the beyond-a-reasonable-doubt standard." *Powell v. State*, 2012 WY 106, ¶ 6, 282 P.3d 163, 164-65 (Wyo. 2012) (citation omitted). "Taking" and "carrying" ("caption" and "asportation" at common law) must both be proven under our larceny statute. *Jones v. State*, 2011 WY 114, ¶ 15, 256 P.3d 527, 533 (Wyo. 2011).

[¶18] Here, we conclude that both "taking" and "carrying" were adequately shown by the evidence at trial. First, when Mr. Bush noticed that his equipment was missing, he noticed "unique" tire tracks near where the equipment had been. A GMC pickup truck with a "distinct" tire tread was noticed near the stolen equipment on the Bear Claw Ranch. At trial, the State presented evidence of the tracks at Westin Mechanical and the

GMC pickup truck from the Bear Claw Ranch. Taken together, this evidence gives rise to a reasonable inference that the GMC pickup truck was used to take and carry away the stolen equipment.

[¶19] The distinct tire tracks were not the only evidence shown at trial to help prove the "taking" and "carrying away" elements of larceny. Mr. Peña also used fake pictures to sell the excavator on Craigslist. The pictures posted on Craigslist were not representative of the excavator he was actually attempting to sell, leading to a reasonable inference that he did not want his theft discovered. Also, Mr. Peña told inconsistent stories about how he came to possess the stolen property, ranging from the equipment had belonged to his family to Mr. Peña buying the excavator from an auction in Casper, to Mr. Peña buying the equipment from someone in Gillette.

[¶20] When viewed in the light most favorable to the State, the evidence presented was sufficient to permit a jury to reasonably conclude that Mr. Peña stole the property at issue in this case.

### *Probation Revocation*

[¶21] Finally, Mr. Peña queries whether the district court properly revoked his probation from his prior case based upon his conviction in the instant case, even though his conviction is pending on appeal. This is an issue of first impression for this Court.

[¶22] Neither party seems to dispute that Mr. Peña violated his probation by getting convicted of another crime during his probation's pendency. However, Mr. Peña points us to case law that, in his mind, says a finding of revocation based upon a conviction under appeal is improper. The citation he provides is an anomaly however, because even Mr. Peña admits that the general rule is "that a revocation of probation for a subsequent criminal conviction is proper, notwithstanding that the conviction is subject to appeal." Wade R. Habeeb, Annotation, *Propriety of Revocation of Probation for Subsequent Criminal Conviction Which is Subject to Appeal*, 76 A.L.R. 3d 588 (1977).

[¶23] A New Hampshire case is helpful:

> "[T]he great weight of authority in this country permits the revocation of probation based solely upon the probationer's subsequent criminal conviction, even though that conviction is pending on appeal." *Hutchinson v. State*, 292 Md. 367, 438 A.2d 1335, 1336 (Md. 1982) (citing cases); *see United States v. Gentile*, 610 F.2d 541, 542 (8th Cir. 1979) ("Federal courts have consistently ruled that a criminal conviction provides sufficient grounds for revocation of probation even though an appeal from the conviction is still pending."); *see also* 6 W.

LaFave et al., Criminal Procedure § 26.10(c), at 890 (3d ed. 2007). The reason for this rule was well stated in *Roberson v. State of Connecticut*, 501 F.2d 305, 308 (2d Cir. 1974):

> A criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review.

"The rationale is that a judgment of conviction is presumed correct and that a probationer should not be insulated from having his probation revoked during the frequently extended process of appellate review." 6 LaFave, *supra* § 26.10(c), at 890-91 (quotations omitted).

*State v. Kelly*, 159 N.H. 390, 392 (N.H. 2009). This discussion persuades us, and we thus hold that a trial court does not err by revoking a defendant's probation based solely upon evidence of a conviction that is subject to appeal. Of course, if a district court revokes a defendant's probation based solely on a new conviction and that conviction is reversed by this Court, the revocation will not stand. That not being the case in this instance, the district court is affirmed.

## CONCLUSION

[¶24] We affirm the district court's judgment and sentence and revocation of probation.