# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 92

APRIL TERM, A.D. 2016

September 13, 2016

TODD LEE HARNDEN,

Appellant
(Defendant),

v.

S-15-0296

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Appellant:*

    Office of the State Public Defender:  Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; and Patricia L. Bennett, Assistant Appellate Counsel.

*Representing Appellee:*

    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Joshua Eames, Assistant Attorney General; Darrell D. Jackson, Prosecution Assistance Program; Bradford Coates, Student Director; and Mark Nugent, Student Intern.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]     After a jury trial, Todd Lee Harnden was convicted of one count of first degree arson for setting a fire in the Laramie Walmart. Harnden contends that because he was intoxicated at the time he set the fire, he should have only been charged with third degree arson. The court imposed a sentence of 10 to 18 years. We will affirm.

## ISSUE

[¶2]     Harnden presents one issue:

> Whether there was insufficient evidence presented to sustain a conviction of first degree arson.

## FACTS

[¶3]     On August 14, 2014, Todd Lee Harnden started drinking vodka around seven o'clock in the morning. That afternoon, he went with his mother to the Laramie Walmart to purchase propane for grilling. After paying for the propane inside, Harnden then waited outside for an employee to open the propane cage to exchange the empty propane tank for a full one. Harnden became impatient and went back inside the store to try to get service. While waiting, he walked into the garden center where he opened a bottle of lighter fluid, poured it on a bag of charcoal, and lit a fire. Harnden then left the store, but not before he was provided a new propane tank. Firefighters were called and subsequently able to suppress the fire. Harnden was arrested later that day in his home and admitted to starting the fire because he was upset.

[¶4]     After his arrest, Harnden was bound over to district court and a jury trial was set for April 15, 2015. The first trial resulted in a hung jury, and a second trial was held in June of 2015. That trial resulted in a conviction of first degree arson. Harnden was sentenced to 10 to 18 years imprisonment. This appeal followed.

## STANDARD OF REVIEW

[¶5]           When reviewing an appellant's claims regarding sufficiency of the evidence, this Court examines the evidence in the light most favorable to the State. *Faubion v. State*, 2010 WY 79, ¶ 12, 233 P.3d 926, 929 (Wyo. 2010). We accept all evidence favorable to the State as true and give the State's evidence every favorable inference which can reasonably and fairly be drawn from it. We also disregard any evidence favorable to the appellant that conflicts with the State's evidence. *Id.*

*Pena v. State*, 2015 WY 149, ¶ 16, 361 P.3d 862, 866 (Wyo. 2015).

## DISCUSSION

[¶6]    Harnden argues on appeal that insufficient evidence was presented to support a conviction of first degree arson.  We conclude that the jury could reasonably find that the elements of first-degree arson were proven beyond a reasonable doubt, and will now explain.

[¶7]    "A person is guilty of first degree arson if he maliciously starts a fire or causes an explosion with intent to destroy or damage an occupied structure."  Wyo. Stat. Ann. § 6-3-101(a) (LexisNexis 2015).  "[F]irst-degree arson can be categorized as a 'specific intent' crime in that the statute requires that one act 'with intent to destroy or damage an occupied structure.'"  *Keats v. State*, 2003 WY 19, ¶ 10, 64 P.3d 104, 107 (Wyo. 2003).

[¶8]    To reach the elements of first-degree arson, the State must prove beyond a reasonable doubt that the defendant acted maliciously with intent to destroy or damage an occupied structure.  On the day of the fire, a Friday afternoon, Walmart was occupied by customers and employees.  The fire was set in the garden center, near pallets containing charcoal, lighter fluid, and other combustible materials.

[¶9]    Harnden argues here that because he was intoxicated, he has a legal excuse for his actions in that he was unable to form the necessary intent for first degree arson.  He relies upon Wyo. Stat. Ann. § 6-1-202(a) (LexisNexis 2015), which states, "Self-induced intoxication of the defendant is not a defense to a criminal charge except to the extent that in any prosecution evidence of self-induced intoxication of the defendant may be offered when it is relevant to negate the existence of a specific intent which is an element of the crime."

[¶10]   In this case, the jury instructions defined "maliciously" as "acting in the state of mind in which an intentional act is done without legal justification or excuse."  "The term 'maliciously' conveys the meaning of hatred, ill will, or hostility toward another."  *Id.*  By definition, acting maliciously includes acting intentionally.  We have discussed the use of the word "malice" in its legal context before:

> In the present context, that means that in 1982 when the legislature adopted Wyo. Stat. Ann. § 6–3–101(a) as part of the new criminal code, it was aware of the definition of malice that this Court has been applying since at least 1924.  That definition has always contained the alternative theories of actual hostility or ill will and the doing of an act without legal justification or excuse, the latter alternative not requiring the direction of ill will toward any particular person.  The legislature's use of the word "maliciously" in a statute designed to protect any person who may be endangered as a result of an arson comports with that definition.

2

*Keats*, ¶ 32, 64 P.3d at 114.  In *Keats,* we clarified that in a case of first degree arson, malice requires proof *either* that the defendant acted "without legal justification or excuse" *or* "with ill will and hostility."  *Id.*, ¶ 16, 64 P.3d at 106.  Otherwise, malice requires proof of an intentional act done without legal justification or excuse and hatred, ill will or hostility.

[¶11]   Here, the question before the jury was whether, at the time he set fire to the charcoal, he was "intoxicated to such a degree that he was unable to formulate the intention to destroy or damage an occupied structure when he started the fire in Walmart."  If the jury agreed that he was so intoxicated that he could not form the requisite intent, under § 6-1-202(a) he could find a legal defense for his actions.

[¶12]   In *Hankinson v. State*, 2002 WY 86, ¶ 10, 47 P.3d 623, 627–28 (Wyo. 2002) this Court stated that when the actions of a defendant occur while the defendant is  intoxicated, after reviewing the evidence, a jury could reasonably infer that the defendant acted with specific intent.

> Whether or not Hankinson was so drunk that he could not form the requisite specific intent, and whether Hankinson actually engaged in a conspiracy to commit the crime of aggravated assault and battery on Coast, were questions for the jury.  There was evidence that suggested that Hankinson was relatively lucid on the night of the crime.  During the crimes, Hankinson had to make decisions and take actions that required some presence of mind and volition, even if those actions were only the basest form of stupidity.  In light of this evidence, the jury could reasonably have inferred that Hankinson acted with specific intent, even though there was a great deal of evidence to indicate that Hankinson was very drunk and, in his own testimony, he claimed to be in an alcoholic blackout at the time.

[¶13]   Similarly, Harnden had to "make decisions and take actions that required some presence of mind" *Hankinson*, ¶ 10, 47 P.3d 627.  He clearly chose an accelerant (lighter fluid), poured it on a combustible material (charcoal), and ignited it out of anger because of Walmart's slow customer service.  The State may also rely upon circumstantial evidence "such as a defendant's words and conduct" to prove intent. *See Pena v. State*, 2013 WY 4, ¶ 39, 294 P3d. 13, 21.  The State noted that Harnden was able to testify to events before and after lighting the fire, but could not remember actually starting the fire.  The State also presented evidence from witnesses who spoke to Harnden and who stated that he spoke clearly before and after he started the fire.  Furthermore, the State noted that in a recorded jailhouse phone call, Harnden told his mother to say he was drunk when he started the fire.  The premise that Harnden was not intoxicated at the time he set fire to the pallet of charcoal, while adverse to him, is nonetheless a reasonable inference for the jury to make based upon the evidence presented.

[¶14]   The jury instructions state that the jury may find the defendant guilty of first degree arson if he shows "hatred, ill will, or hostility towards another."  This is also supported by evidence presented by the State.  The State noted that Harnden admitted to police that he started the fire because he was angry about the store's customer service.  Walmart store employees who spoke to Harnden testified that he was "banging on the cash register" and was "really angry."  Trial evidence supports the theory that Harnden harbored "hatred, ill will, or hostility" toward Walmart because he had to wait for customer service.

[¶15]   This Court has said before that "[t]he State's evidence must be accepted as true, and it must be given all favorable inferences flowing from it." *Andersen v. State,* 2014 WY 88, ¶ 24, 330 P.3d 256, 263 (Wyo.2014); *see also Toth v. State*, 2015 WY 86A, ¶ 15, 353 P.3d 696, 702 (Wyo.2015).  The State presented evidence which indicated that Harnden was not intoxicated to a level that prevented him from knowing what he was doing in Walmart when he started the fire.  The State also presented evidence that showed Harnden expressed anger and hostility toward Walmart and the actions of its employees.  A jury, giving this evidence "all favorable inferences," could reasonably conclude that Harnden acted with malicious intent when he started the fire and find that Harnden acted maliciously with the intent to destroy or damage an occupied structure when he set a fire in the Laramie Walmart.

## CONCLUSION

[¶16]   Todd Lee Harnden's conviction and sentence is affirmed.