# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 3

OCTOBER TERM, A.D. 2016

January 11, 2017

MATTHEW SCOTT WORLEY,

Appellant
(Defendant),

v.                                                        S-15-0114

THE STATE OF WYOMING,

Appellee
(Plaintiff).

MATTHEW SCOTT WORLEY,

Appellant
(Defendant),

v.                                                        S-16-0082

THE STATE OF WYOMING,

Appellee
(Plaintiff).

MATTHEW SCOTT WORLEY,

Appellant
(Defendant),

v.                                                        S-16-0083

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
The Honorable John R. Perry, Judge

*Representing Appellant:*
Office of the Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel.  Argument by Ms. Olson.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne Martens, Senior Assistant Attorney General; Timothy W. Miller, Senior Assistant Attorney General.  Argument by Mr. Miller.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    A jury convicted Matthew Scott Worley of one count of first-degree sexual assault and one count of battery of a household member.[1]  On appeal, Mr. Worley claims he received ineffective assistance of trial counsel, the prosecutor failed to disclose information as required by *Brady v. Maryland*, 371 U.S. 812, 83 S. Ct. 56, 9 L. Ed. 2d 54 (1962) and the State presented insufficient evidence to sustain the battery conviction.  We affirm.

## ISSUES

[¶2]    Mr. Worley presents the following issues on appeal:

> I.    Was trial counsel for [Mr. Worley] ineffective when he failed to challenge the credibility of the alleged victim?
>
> II.    Did the prosecutor commit misconduct when he failed to disclose exculpatory evidence relating to the alleged victim?
>
> III.    Was there sufficient evidence to support [Mr. Worley's] conviction of battery?

## FACTS

[¶3]    On Thanksgiving Day of 2013, Officers Ryan Mussell and Dennis Deur with the Gillette Police Department responded to a report of a 911 hang up call.  They responded to the address in question and first made contact with Mr. Worley.  Mr. Worley invited the officers inside, and Officer Mussell interviewed Mr. Worley while Officer Deur interviewed Mr. Worley's wife, Rebecca Worley.  Officer Mussell learned that, although Mr. and Mrs. Worley were married, Mr. Worley did not live at the apartment with Mrs. Worley.  Mr. Worley also told Officer Mussell that he thought Mrs. Worley would claim that Mr. Worley punched her in the face.  Mr. Worley explained that he had been drinking whiskey throughout the day and did not recall punching his wife in the face.

[¶4]    Officer Deur observed cut marks on Mrs. Worley's collarbone and noticed that her right eye was swollen.  Mrs. Worley told Officer Deur that Mr. Worley had hit her with

---

[1] At the time the State filed charges in this matter, battery of a household member was a crime under Wyo. Stat. Ann. § 6-2-501(b) and (f) (Lexis Nexis 2013).  In July 2014, the Wyoming legislature repealed § 6-2-501(f) and created a separate crime of domestic assault.  *See* Wyo. Stat. Ann. §§ 6-2-501 and 6-2-510 (Lexis Nexis 2015).  The repeal of that portion of the statute, however, did not affect any of the charges in Mr. Worley's pending prosecution.  Wyo. Stat. Ann. § 8-1-107 (Lexis Nexis 2015).

an open hand, and then, while she was performing fellatio on Mr. Worley, he told her she was "doing it wrong" and punched her in the face. Based on Mrs. Worley's injuries, the officers arrested Mr. Worley for battery.

[¶5]    At the police station, Mrs. Worley gave Officer Deur further information about the events of the evening. Mrs. Worley stated that Mr. Worley forced her to perform fellatio by saying if she did not, he would "beat her ass." She further alleged that Mr. Worley forced her to engage in anal sex followed by more fellatio. She said that Mr. Worley was holding an open folding knife and told her he would kill her if she did not comply. She also told Officer Deur that Mr. Worley had cut three moles off of her body with a pair of scissors without her consent. Mrs. Worley explained she had fled the apartment and hid in the basement of the building. Once she believed Mr. Worley had left the building, she returned to her apartment and attempted to barricade the door with a coffee table, couch and chair. However, Mr. Worley returned and forced his way back into the apartment. Mrs. Worley tried to lock herself in the bathroom, but Mr. Worley broke his way into the bathroom. It was then that Mrs. Worley called for law enforcement assistance.

[¶6]    The State charged Mr. Worley with two counts of first-degree sexual assault (one for fellatio and one for anal penetration), one count of aggravated assault and battery, and one count of battery of a household member. The case proceeded to a two day jury trial. Mrs. Worley testified about the events of that day and was extensively cross-examined regarding her recollection. Mr. Worley also testified. He did not deny cutting a mole from his wife's body, striking her, or engaging in sexual conduct with her that day. However, he testified that the behavior was consensual and that "rough sex" was not unusual in their relationship. The State presented a cell phone video found on Mr. Worley's phone that showed Mr. Worley strike his wife in the face several times while she was performing fellatio. The jury convicted Mr. Worley of one count of first-degree sexual assault (fellatio) and battery of a household member. It acquitted him of the other charge of first-degree sexual assault (anal penetration) and aggravated assault and battery.

[¶7]    Mr. Worley timely appealed his convictions and filed a motion under Wyoming Rule of Appellate Procedure 21, alleging that he received ineffective assistance of trial counsel. Mr. Worley argued that his trial attorney could have done more to attack Mrs. Worley's credibility using evidence under Wyoming Rules of Evidence 404(b), 608(a) and 609. Specifically, he claimed that his trial counsel did not investigate Mrs. Worley's previous criminal convictions, including felony convictions, or statements she made in a neglect case involving their two children.

[¶8]    Following a hearing in which the district court heard testimony from Mr. Worley's trial attorney, the court concluded that Mr. Worley had not established ineffective assistance of trial counsel. The district court acknowledged that the ineffective assistance of counsel standard required Mr. Worley to prove that counsel's performance was deficient and that performance was prejudicial to the outcome of his case. However, the

court determined it did not need to evaluate whether counsel's performance was deficient because Mr. Worley could not prove prejudice. The district court concluded that no amount of impeachment evidence could overcome the video of Mr. Worley repeatedly striking his wife while she performed fellatio. Additionally, Mr. Worley testified that the video recording was an accurate depiction of the events portrayed, giving further credence to the video. Mr. Worley now appeals that decision and also argues that there was prosecutorial misconduct and insufficient evidence presented at the trial.

## DISCUSSION

### 1. Ineffective Assistance of Counsel

[¶9] Mr. Worley argues his trial counsel was ineffective in failing to conduct a sufficient investigation into Mrs. Worley's criminal history and some allegedly false statements she made to the Department of Family Services in a neglect case involving their children. He argues that had counsel conducted a more thorough investigation, he would have discovered information that could have been used to further impeach Mrs. Worley during her trial testimony. As mentioned above, the district court held an evidentiary hearing under W.R.A.P. 21 and determined that Mr. Worley did not establish ineffective assistance of trial counsel requiring a new trial. When reviewing the district court's decision, we utilize the following standard of review:

> Review of a trial court's ruling on an ineffective assistance of counsel claim involves mixed questions of law and fact. *Osborne* [*v. State*, 2012 WY 123], ¶ 17, 285 P.3d [248,] 252 [(Wyo. 2012)]. We defer to the district court's findings of fact unless they are clearly erroneous. *Cooper* [*v. State,* 2014 WY 36], ¶ 20, 319 P.3d [914,] 920 [(Wyo. 2014)], citing *Strandlien v. State*, 2007 WY 66, ¶ 20, 156 P.3d 986, 992 (Wyo. 2007). The district court's conclusions of law, which include the question of whether counsel's conduct was deficient and the question of whether the appellant was prejudiced by that deficient conduct, are reviewed *de novo*. *Strandlien*, ¶ 20, 56 P.3d at 992, quoting *Robinson v. State*, 2003 WY 32, ¶ 16, 64 P.3d 743, 748 (Wyo. 2003).

*Griggs v. State*, 2016 WY 16, ¶ 37, 367 P.3d 1108, 1124 (Wyo. 2016).

[¶10] In order to prove he received ineffective assistance of trial counsel necessitating a new trial, Mr. Worley is required to show two things. First, he must demonstrate his trial counsel's performance was deficient. *Id*., ¶ 36, 367 P.3d at 1124. To show deficient performance, Mr. Worley must demonstrate that "'counsel failed to render such assistance as would have been offered by a reasonably competent attorney.'" *Id*.

3

(quoting *Cooper*, ¶ 19, 319 P.3d at 920). Second, Mr. Worley must show that he was prejudiced by his trial counsel's deficient performance. *Id.* "Prejudice is established if 'a reasonable probability exists that, but for counsel's deficient performance, the outcome would have been different.'" *Id.* (quoting *Osborne*, ¶ 19, 285 P.3d at 252). Although Mr. Worley must affirmatively show both of these factors, courts are not required to analyze both factors if a defendant makes an insufficient showing of one of the factors. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Further, courts need not analyze whether counsel's performance was deficient before considering whether the defendant suffered prejudice. *Id.*

[¶11] Here, the district court disposed of Mr. Worley's claim on the prejudice factor and did not consider whether trial counsel's performance was deficient. Specifically, the district court concluded that even if each piece of proposed evidence had been used to further attack Mrs. Worley's credibility, the jury would have reached the same verdict. Based on the trial testimony, the court found Mrs. Worley's testimony generally not credible due to inconsistencies and failures of logic. However, the jury saw the video of Mrs. Worley performing fellatio while being struck repeatedly by Mr. Worley, saw a photo of the mole that Mr. Worley cut from his wife's body, and heard Mr. Worley's testimony admitting to all of this behavior. The court concluded the jury members also likely found Mrs. Worley not credible but could not disregard what they saw with their own eyes. The jury convicted Mr. Worley of the crimes associated with the behavior contained in the video and photo, while acquitting him of the crimes to which there was no video or photographic evidence.

[¶12] The district court's findings of fact are fully supported by the record. While trial counsel did not use Mrs. Worley's criminal history or statements to the Department of Family Services, he did extensively and effectively cross-examine Mrs. Worley. That cross-examination brought out many inconsistencies and other problems with her testimony. While Mrs. Worley's testimony is suspect at best, this Court has also seen the video, photographs of the victim taken when law enforcement officers arrived, and the photographs of the mole, and agrees with the district court's conclusion that this evidence is damning. The video and photographic evidence is even more compelling because Mr. Worley testified the video accurately depicted his sexual encounter with his wife, and that he hit her several times in the face. Based upon the video and Mr. Worley's admissions, we conclude—just as the district court did—that even if trial counsel had discovered and utilized the evidence Mr. Worley claims he should have, there is not a reasonable probability the result of the proceeding would have been different. Therefore, Mr. Worley has failed to demonstrate he received ineffective assistance of trial counsel.

## 2. *Prosecutorial Misconduct*

[¶13] Mr. Worley contends that the prosecutor committed misconduct by failing to disclose information required by *Brady*. Specifically, Mr. Worley argues the prosecutor

4

failed to notify Mr. Worley and his trial counsel about a plea agreement Mrs. Worley received in an unrelated case. The question of whether evidence was improperly withheld under *Brady* is of constitutional magnitude; therefore, we review this claim *de novo*. *Wilkening v. State*, 2007 WY 187, ¶ 7, 172 P.3d 385, 386 (Wyo. 2007).

[¶14] In *Brady*, the United States Supreme Court stated that "'suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Id*., ¶ 7, 172 P.3d at 386-87 (quoting *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196-97). The Court later held that due process also requires the prosecution to disclose impeachment evidence, including plea agreements made with witnesses. *See United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L. Ed. 2d 481 (1985); *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972). In order to demonstrate a *Brady* violation, Mr. Worley has the burden of showing three things: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material because there is a reasonable probably that, had the evidence been disclosed, the result of the proceedings would have been different. *Wilkening*, ¶ 7, 172 P.3d at 387.

[¶15] Mr. Worley's *Brady* claim fails for two reasons. First, the record does not contain the plea agreement Mr. Worley claims was suppressed by the prosecution. Piecing together different parts of the record, it appears Mrs. Worley had been charged with taking a controlled substance into a jail, but that charge was dismissed as part of a plea agreement in a separate forgery case. She also may have received first offender treatment under Wyo. Stat. Ann. § 7-13-301 (LexisNexis 2015) for the forgery charge. Importantly, however, the specific terms of the plea agreement are not in the record and, therefore, we are left to speculate about the content of the plea agreement and its potential impact on Mrs. Worley's testimony and credibility in the case against her husband. This Court will not rely on speculation in reviewing a *Brady* claim. *See Mascarenas v. State*, 2003 WY 124, ¶ 18, 76 P.3d 1258, 1265 (Wyo. 2003); *see also Wilkening*, ¶ 9, 172 P.3d at 387.

[¶16] Second, without a complete record regarding Mrs. Worley's plea agreement, it is difficult for this Court to determine the materiality of the agreement. However, we are certain that additional impeachment material would not have led to a reasonable probability that the outcome of the proceedings would have been different. As mentioned above, Mrs. Worley was extensively cross-examined and was not perceived as a credible witness by trial counsel, the district court, and most likely the jury. Although this evidence may have given the jury another reason to question Mrs. Worley's veracity, it merely would have been cumulative to the other evidence and testimony questioning her veracity. It is unlikely the plea agreement is material to Mr. Worley's defense. *See Kovach v. State*, 2013 WY 46, ¶ 21, 299 P.3d 97, 104 (Wyo. 2013) (evidence that is

cumulative is not material). For these reasons, Mr. Worley has failed to establish a *Brady* violation.

### 3. *Sufficiency of the Evidence*

[¶17] Finally, Mr. Worley claims the State presented insufficient evidence to sustain his conviction for battery of a household member. When reviewing the sufficiency of the evidence:

> this Court examines the evidence in the light most favorable to the State. *Faubion v. State*, 2010 WY 79, ¶ 12, 233 P.3d 926, 929 (Wyo. 2010). We accept all evidence favorable to the State as true and give the State's evidence every favorable inference which can reasonably and fairly be drawn from it. We also disregard any evidence favorable to the appellant that conflicts with the State's evidence. *Id*.

*Harnden v. State*, 2016 WY 92, ¶ 5, 378 P.3d 611, 612-13 (Wyo. 2016) (quoting *Pena v. State*, 2015 WY 149, ¶ 16, 361 P.3d 862, 866 (Wyo. 2015)).

[¶18] Mr. Worley's argument, however, is not the run of the mill sufficiency of the evidence claim. Instead of arguing that the State did not present sufficient evidence of any particular element of battery, he argues the record does not indicate which facts the jury unanimously determined constituted the element of bodily injury—whether it was Mr. Worley cutting the mole from Mrs. Worley's body or striking her in the face while she performed fellatio. Mr. Worley likens this situation to that found in *Tanner v. State*, 2002 WY 170, ¶ 14, 57 P.3d 1242, 1246 (Wyo. 2002), wherein we required the State to affirmatively choose which theory it was pursuing in a prosecution when the crime charged contained alternative elements.

[¶19] Mr. Worley's reliance on *Tanner* is misplaced. The crime of battery does not contain any alternative elements and, therefore, the State did not need to elect one alternative element over another. *See* Wyo. Stat. Ann. § 6-2-501 (LexisNexis 2015). Mr. Worley has not provided any authority that suggests the jury must be unanimous regarding what facts constituted the elements of each crime. In fact, United States Supreme Court precedent is directly contrary to that position. In *Schad v. Arizona*, 501 U.S. 624, 632, 111 S. Ct 2491, 115 L. Ed. 2d 555 (1991), the Court stated, "Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Id*. (citing *McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)). The Court reiterated that stance in *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999):

The question before us arises because a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime. *Schad v. Arizona*, 501 U.S. 624, 631-32, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion); *Anderson v. United States*, 170 U.S. 481, 499-501, 18 S.Ct. 689, 42 L.Ed. 1116 (1898). Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he use a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force. See *McKoy v. North Carolina*, 494 U.S. 433, 449, 110 S.Ct. 1227, 108 L.Ed.2d 369 (1990) (Blackmun, J., concurring).

*Id*. at 817.

[¶20] Here, Mr. Worley committed various acts that caused Mrs. Worley bodily injury, and which of those particular acts the individual jurors relied upon is irrelevant. So long as all twelve jurors concluded he caused bodily injury, the State appropriately carried its burden of proof. The jury saw photographs taken by law enforcement officers that showed marks on Mrs. Worley's body where moles had been removed and a photo of a mole lying near the bathroom sink. Mrs. Worley testified Mr. Worley cut the moles from her body, and Mr. Worley admitted to removing one of those moles. Furthermore, the jury watched the video of Mr. Worley repeatedly slapping his wife, saw photos of Mrs. Worley's injuries, heard Mrs. Worley testify that Mr. Worley struck her in the face, and Mr. Worley admitted to hitting his wife in the face. Regardless of which act or acts the individual jury members relied upon, the State presented more than sufficient evidence at trial that Mr. Worley caused his wife bodily injury.

## CONCLUSION

[¶21] After a thorough review of the entire record, we conclude that Mr. Worley was not prejudiced by his trial counsel's performance and he has failed to demonstrate the State committed a *Brady* violation. Furthermore, the State presented sufficient evidence that Mr. Worley caused his wife's bodily injury.

[¶22] Affirmed.

7