# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 34

OCTOBER TERM, A.D. 2023

March 27, 2024

BENJAMIN DAVID WILSON,

Appellant
(Defendant),

v.

S-23-0158

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*

Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.

*Representing Appellee:*

Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Branden Blaylock, Assistant Attorney General.

*Before FOX, C.J., and KAUTZ,\* BOOMGAARDEN, GRAY, and FENN, JJ.*

\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2023), he was reassigned to act on this matter on March 27, 2024.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Benjamin Wilson was charged with sexual abuse of a minor in the second degree in violation of Wyo. Stat. Ann. § 6-2-315(a)(iv) (Count One) and sexual abuse of a minor in the third degree in violation of Wyo. Stat. Ann. § 6-2-316(a)(iv) (Count Two) arising from an incident involving his stepdaughter, K.P.  The jury acquitted him on Count One and found him guilty on Count Two.  He appeals his conviction contending the State presented insufficient evidence to convict him on Count Two.  We affirm.

## *ISSUE*

[¶2]   Mr. Wilson presents a single issue:

> Was the evidence sufficient to convict Mr. Wilson of sexual abuse of a minor in the third degree?

## *STANDARD OF REVIEW*

[¶3]   Mr. Wilson argues the State failed to present sufficient evidence to convict him on Count Two, third-degree sexual abuse of a minor, after the jury found him not guilty of second-degree sexual abuse of a minor.

> In reviewing for sufficiency of the evidence, we must "decide whether the evidence could reasonably support the jury's verdict." *Huckins v. State*, 2020 WY 21, ¶ 10, 457 P.3d 1277, 1279 (Wyo. 2020) (citing *Thompson* [*v. State*, 2018 WY 3,] ¶ 14, 408 P.3d [756,] 760 [(Wyo. 2018)]; *Mraz v. State*, 2016 WY 85, ¶ 19, 378 P.3d 280, 286 (Wyo. 2016)).  "We do not reweigh the evidence or reexamine the credibility of the witnesses." *Id.* (citation omitted).  "Instead, we examine 'the evidence in the light most favorable to the State.  We accept all evidence favorable to the State as true and give the State's evidence every favorable inference which can reasonably and fairly be drawn from it.'" *Id.* (citation omitted).  "We 'disregard any evidence favorable to the appellant that conflicts with the State's evidence.'" *Id.* (citation omitted).

*Armajo v. State*, 2020 WY 153, ¶ 21, 478 P.3d 184, 191 (Wyo. 2020); *see also Borja v. State*, 2023 WY 12, ¶ 8, 523 P.3d 1212, 1215 (Wyo. 2023).

1

## *FACTS*

[¶4]   In January 2022, the Fremont County Sheriff's Department received a request to investigate an allegation that K.P. had been sexually molested by her stepfather, Mr. Wilson.  Deputy Jeff Gillett contacted K.P. at her school.  There, K.P. met with Deputy Gillett, Deputy Kelsi Sullivan, and K.P.'s teacher Ms. Shatto.  She divulged that she had been sexually molested by Mr. Wilson one time several years earlier while she was with her family in Evansville, Wyoming, for a truck show.

[¶5]   K.P.'s younger sister, S.P., first heard about K.P.'s disclosure while at school that day.  Later the same day, S.P. privately spoke with Deputy Michael Perrault and reported that on two occasions, once in November 2021 and once in December 2021, she had been sexually molested by Mr. Wilson at the family home in Fremont County.

[¶6]   Mr. Wilson was charged in Natrona County with two counts relating to K.P.'s allegations, the counts at issue in this case.  He was also charged in Fremont County with first-degree sexual abuse of a minor and second-degree sexual abuse of a minor arising out of S.P.'s allegations.  The cases were consolidated for trial.  The jury found Mr. Wilson not guilty on the counts related to S.P.'s allegations.

[¶7]   At trial, K.P. testified that she and her family had traveled to Casper for a monster truck event when she was twelve or thirteen.  The family stayed at a hotel where Mr. Wilson and her mother slept in the bedroom and she and her sister slept on the fold-out couch in the main room.  K.P. described the event as follows:

> [A]fter we went swimming, [S.P.] and I got ready for bed.  And we were – we got the couch all set up for the both of us to sleep on.  And my mom and [Mr. Wilson] stayed in the room that was right beside ours.  I have scoliosis, and when we first met [Mr. Wilson] he would rub my back, and so that is when I thought it was perfectly fine.
>
> I was laying on my stomach.  [S.P.] was right beside me.  I was laying on my stomach, and I woke up to [Mr. Wilson] rubbing my back. . . . I thought it was perfectly fine.  As he was rubbing my back, he kept going lower until he – until he was eventually in my pants.  Since I was laying on my stomach, he was touching me through the back, so his hand was underneath me.
>
> As I was laying there, I didn't know what to do, so I pretended I was asleep.  He touched me for I think it went on for about a minute or two.  As he was touching me, I just laid

2

there pretending I was asleep. Once he was done, he stood up, and he was standing at the corner of the bed and asked me if it felt good. I didn't answer, and he got mad and said, "Whatever," and walked off and went back into his bedroom and went to bed.

At that point I didn't know what to do, and so I flipped over on my back and I just laid there. I said [S.P.'s] name to see if she was awake. She didn't answer me so I assumed she was asleep. And I laid there until I fell asleep.

[¶8] The prosecutor then asked, "When he was touching you from behind, as you described, will you tell the jury what he was touching you with?" K.P. responded, "He was touching me with his fingers. He was rubbing on my vagina."

[¶9] At trial, Mr. Wilson denied he had improperly touched K.P. He testified that Mother had been drinking during the truck event and was asleep when he went to tuck the girls in. When he went to K.P., he noticed menstrual blood on the sheet over her. He then lowered the sheet and saw blood on her upper, inner thigh. He was not sure whether K.P. was awake at that point but felt that she would be embarrassed to wake in that condition because he "knew how [S.P.] would be around [K.P.] and how she would make her feel[.]" Mr. Wilson did not speak to K.P. before he got a washcloth to wipe it off and clean the sheet. He then went out and talked with his friend.

[¶10] The jury found Mr. Wilson not guilty on Count One, sexual abuse in the second degree but found Mr. Wilson guilty of Count Two, third-degree sexual abuse of a minor. Mr. Wilson was sentenced to ten to fifteen years in prison. This timely appeal followed.

### DISCUSSION

[¶11] The jury found Mr. Wilson not guilty of sexual abuse of a minor in the second degree. Wyo. Stat. Ann. § 6-2-315(a)(iv) provides:

> (a)     Except under circumstance constituting sexual abuse of a minor in the first degree as defined by W.S. 6-2-314, an actor commits the crime of sexual abuse of a minor in the second degree if:
>
> .     .     .
>
> (iv)     Being eighteen (18) years of age or older, the actor engages in sexual contact with a victim who is less than sixteen (16) years of age and the actor

3

occupies a position of authority in relation to the victim.

Wyo. Stat. Ann. § 6-2-315(a)(iv) (LexisNexis 2023).

[¶12]   The jury instructions defined "sexual contact" as:

> touching with the intention of sexual arousal, gratification or abuse of the victim's intimate parts by the defendant, or the defendant's intimate parts by the victim, or of the clothing covering the immediate area of the victim or the defendant's intimate parts.

[¶13]   The jury found Mr. Wilson guilty of sexual abuse of a minor in the third degree. Wyo. Stat. Ann. § 6-2-316(a)(iv) provides:

> (a)   Except under circumstance constituting sexual abuse of a minor in the first or second degree as defined by W.S. 6-2-314 and 6-2-315, an actor commits the crime of sexual abuse of a minor in the third degree if:
>
> .   .   .
>
> (iv)   Being seventeen (17) years of age or older, the actor knowingly takes immodest, immoral or indecent liberties with a victim who is less than seventeen (17) years of age and the victim is at least four (4) years younger than the actor.

Wyo. Stat. Ann. § 6-2-316(a)(iv) (LexisNexis 2023).

[¶14]   The jury was instructed that:

> [T]here is no specific definition for the phrase "immodest, immoral or indecent liberties."   Rather, the phrase . . . is defined generally as an action that the commonsense of society would regard as indecent and improper.

[¶15]   Mr. Wilson contends that the jury's rejection of the charge of second-degree sexual abuse requires us to conclude that the jury rejected the entirety of K.P.'s testimony.  As a result, the guilty verdict for sexual abuse of a minor in the third degree was necessarily based on Mr. Wilson's account of events.  He argues that his conduct—cleaning up K.P.—

4

although perhaps "gross," was not of a sexual nature sufficient to support a finding that he had taken immodest, immoral, or indecent liberties with a minor.

[¶16]  Mr. Wilson's claim fails on its premise.  The jury's acquittal of Mr. Wilson on one count has no bearing on the sufficiency of the evidence supporting the guilty verdict on the other.

[¶17]  It is well-established that where a defendant is tried in a single case and charged with multiple counts, each count is treated as if it were a separate indictment, and verdicts of acquittal or conviction on the various counts need not be consistent.[1]  *Counts v. State*, 2012 WY 70, ¶ 51, 277 P.3d 94, 109 (Wyo. 2012); *Moore v. State*, 2003 WY 153, ¶ 16, 80 P.3d 191, 196 (Wyo. 2003); *Hankinson v. State*, 2002 WY 86, ¶ 11, 47 P.3d 623, 628 (Wyo. 2002); *State v. Hickenbottom*, 63 Wyo. 41, 60, 178 P.2d 119, 127 (1947); *Lessard v. State*, 719 P.2d 227, 230–32 (Wyo. 1986); *Eatherton v. State*, 810 P.2d 93, 98 (Wyo. 1991).  "An acquittal on one count does not prevent conviction on another, even though the evidence is the same and defendant could not have committed one crime without committing both, so long as the evidence is sufficient to support conviction on the count on which a guilty verdict was reached." *Hankinson*, ¶ 11,  47 P.3d at 628 (quoting *Doud v. State*, 845 P.2d 402, 407 (Wyo. 1993) (quoting 3 Charles Alan Wright, *Federal Practice and Procedure* § 514 at 14–16 (1982))).  "A conviction on one count may be upheld against a sufficiency challenge, even though it is seemingly inconsistent with that jury's verdict of acquittal on another count." *United States v. de Leon-De La Rosa*, 17 F.4th 175, 183 (1st Cir. 2021).

[¶18]  To determine whether sufficient evidence exists to support a guilty verdict we look at the evidence in the light most favorable to the State.  *Borja*, ¶ 8, 523 P.3d at 1215.  K.P. testified that while rubbing her back Mr. Wilson put his hand underneath her pants and inappropriately touched her.  Our standard of review requires us to give every favorable inference to the State's evidence, and we affirm Mr. Wilson's conviction for third-degree sexual abuse against K.P.

### *CONCLUSION*

[¶19]  The State presented sufficient evidence to support Mr. Wilson's conviction for third-degree sexual abuse against K.P.  Affirmed.

---

[1] Inconsistent verdicts of acquittal and conviction from a single jury are allowed.  However, it is equally clear that such inconsistent verdicts from juries in different, successive trials are not allowed.  Successive inconsistent verdicts violate the Double Jeopardy Clause based on the doctrine of collateral estoppel or issue preclusion.  This doctrine provides that the defendant may not be retried on any issue necessarily decided by an acquittal in a previous trial.  *See Cercy v. State*, 2019 WY 131, ¶¶ 42–43, 455 P.3d 678, 692–93 (Wyo. 2019).  "Although issue preclusion applies in successive trials, it does not apply to a single jury resolving several counts." 3 Charles A. Wright & Sarah N. Welling, *Federal Practice and Procedure* § 514, at 29 (5th ed. 2022).